Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER EVANS, an individual,<br><br>　　　　Plaintiff<br><br>v.<br><br>WILLIAMS & FUDGE, INC; SALLIE MAE, INC.; and DOES 1 through 10 inclusive,<br><br>　　　　Defendants. | Case No.: **'12CV0746 JM   WMC**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** (Unlawful Debt Collection Practices) |

## I. INTRODUCTION

1.　This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and for invasion of privacy.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff JENNIFER EVANS is a natural person residing in the state of California, County of San Diego.

4. Defendant WILLIAMS & FUDGE, INC. is a corporation doing business of collecting debts in California operating from an address at 300 Chatham Ave., P.O. Box 11590, Rock Hill, SC 29731-1590.

5. Defendant SALLIE MAE, INC. is a corporation doing business of collecting debts in California operating from an address at 12061 Bluemont Way, Reston, VA 20190.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant WILLIAMS & FUDGE is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).  Defendant SALLIE MAE is a "debt collector" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the

true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### IV. FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

### *Allegations Against WILLIAMS & FUDGE*

13. At a time unknown, WILLIAMS & FUDGE acquired information regarding an alleged debt that Plaintiff incurred.

14. In or around September 2011, WILLIAMS & FUDGE was calling Plaintiff in an attempt to collect a debt.

15. Over the course of several months WILLIAMS & FUDGE called with such frequency and persistence as to constitute harassment.

16. On more than one occasion, WILLIAMS & FUDGE called Plaintiff more than once on a single day.

17. On certain days WILLIAMS & FUDGE called Plaintiff an estimated five times.

18. Plaintiff requested WILLIAMS & FUDGE to cease and desist calling her.

19. A WILLIAMS & FUDGE representative stated in a threatening manner that "you can request a cease and desist but that is not going to stop us from trying to get our

money" or words to that effect.

20. A WILLIAMS & FUDGE representative asked Plaintiff in a demeaning manner "whether or not she had anybody in her life to tell her not to [borrow the money that created the debt]" or words to that effect.

21. Plaintiff received additional correspondence from WILLIAMS & FUDGE after she requested a cease and desist.

### *Allegations Against SALLIE MAE*

22. Within the previous year, SALLIE MAE was calling Plaintiff in an attempt to collect a debt.

23. SALLIE MAE called with such frequency and persistence as to constitute harassment.

24. On more than one occasion, SALLIE MAE called Plaintiff more than once on a single day.

25. On certain days SALLIE MAE called Plaintiff an estimated ten times.

26. It is estimated that in certain weeks SALLIE MAE called Plaintiff seven consecutive days.

27. SALLIE MAE called Plaintiff's cell phone.

28. Between December 8, 2011 and December 15, 2011, SALLIE MAE called Plaintiff an estimated forty-two times.

29. SALLIE MAE called Plaintiff in excess of 100 times.

30. Plaintiff's cell phone caller ID would identify the phone number which corresponded to SALLIE MAE.

31. Plaintiff's attorney sent SALLIE MAE a letter via fax and mail requesting that all calls to Plaintiff stop.

32. SALLIE MAE continued to call Plaintiff after receipt of the cease and desist and notification of attorney representation.

//
//

## V. FIRST CLAIM FOR RELIEF

**(Against Defendant WILLIAM & FUDGE for Violation of the FDCPA)**

33. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

34. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (b) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt; and

    (c) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

35. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

36. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

37. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be

unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

(c)  Defendant SALLIE MAE violated California Civil Code §1788.14(c) by communicating with the Plaintiff after the Plaintiff's attorney notified SALLIE MAE that the Plaintiff was represented by an attorney;

(d)  Defendant WILLIAMS & FUDGE violated California Civil Code §1788.17 by failing to comply 15 U.S.C. §§ 1692d; 1692d(5); and 1692f; and

(e)  Defendant SALLIE MAE violated California Civil Code §1788.17 by failing to comply 15 U.S.C. §§ 1692b(6); 1692c(a)(2); 1692c(c); 1692d; 1692d(5); and 1692f.

38. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

40. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.  THIRD CLAIM FOR RELIEF

**(Against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs**

41. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

42. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

43. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a Debt.

44. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

45. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

46. Defendants acted with oppression or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k against WILLIAMS & FUDGE and California Civil Code §1788.30(a) against both Defendants;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k against WILLIAMS & FUDGE and California Civil Code §1788.30(b) and §1788.30(c) against both Defendants;

(d) Punitive damages; and

(e) For such other and further relief as the Court may deem just and proper.

Date: March 27, 2012

        ____/s/ Jeremy S. Golden_____
        Jeremy S. Golden,
        Attorney for Plaintiff

//
//
//
//
//
//
//
//

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date:   March 27, 2012

_____/s/ Jeremy S. Golden_____
Jeremy S. Golden,
Attorney for Plaintiff