# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER EVANS,<br><br>                      Plaintiff,<br>  vs.<br><br>WILLIAMS & FUDGE, INC; SALLIE MAE, INC.,<br><br>                      Defendants. | CASE NO. 12cv0746 JM(WMc)<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

Plaintiff Jennifer Evans brings this Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") action seeking redress for alleged abusive debt collection practices by Defendants Williams & Fudge, Inc. ("W & F") and Sallie Mae, Inc. ("Sallie Mae"). Defendant Sallie Mae moves to compel arbitration pursuant to two Promissory Notes executed by Plaintiff. Plaintiff opposes the motion. Pursuant to Local Rule. 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to compel arbitration and stays this action only as to Defendant Sallie Mae.

## BACKGROUND

On March 27, 2012, Plaintiff commenced this federal question action by alleging that both Defendants are debt collectors within the meaning of FDCPA and that they engaged in abusive debt collection practices. Plaintiff alleges that W & F called Plaintiff numerous times after requesting that W & F cease and desist from calling her. (Comp. ¶¶ 13-21). She similarly alleges that Sallie Mae

called her in excess of 100 times. (Compl. ¶¶22-32). Plaintiff does not identify the nature of the debt.

Sallie Mae, a servicer of student loans, comes forward with judicially noticeable documents to show that Plaintiff executed two promissory notes: one on June 30, 2006 entitled "Tuition Answer Loan Application and Promissory Note 2006-2007" and the other on July 30, 2007 entitled "Tuition Answer Loan Application and Promissory Note 2007-2008." Both Promissory Notes contain a broad arbitration provision providing that the parties agreed to arbitrate any dispute or claim arising out of or relating to the Promissory Note. (Cannon Decl.). The Promissory Note also provided that Plaintiff could object to binding arbitration by rejecting the arbitration provision within 60 days of the first disbursement of her loan. Plaintiff did not reject the arbitration provision.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that

> a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.

9 U.S.C. §2. The FAA establishes federal policy favoring arbitration of disputes. Federal courts are required to "rigorously" enforce the parties' agreement to arbitrate. Shearson/American Express, Inc. v. McMahon, 482 U.S. 220 (1987). Indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).

> [W]here a contract contains an arbitration clause, there is a presumption of arbitrability in a sense that `[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

A.T.&T. Tech. Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986) (citations omitted).

The FAA creates "a body of federal substantive law of arbitrability," enforceable in both state and federal courts and preempting any state laws or policies to the contrary. Moses H. Cone, 460 U.S. at 24. "The availability and validity of defenses against arbitration are therefore to be governed by

application of federal standards." <u>Cohen v. Wedbush, Noble, Cooke, Inc.</u>, 841 F.2d 282, 285 (9th Cir. 1988). This body of federal law also requires that federal courts apply state law, "whether of legislative or judicial origin [] if that law arose to govern issues concerning the validity, revocability and enforceability of contracts generally." <u>Perry v. Thomas</u>, 482 U.S. 483, 493, fn. 9 (1987). Thus, state law applies to interpret arbitration agreements as long as those state laws are generally applicable to all contracts, and not just agreements to arbitrate.

Here, the court concludes that the debt collection practices at issue directly arise or relate to the Promissory Note. As the broad language in the arbitration provision provides that any claim or dispute arising or related to the Promissory Note is subject to arbitration, the court concludes, absent a valid defense, that the arbitration provision is enforceable. Furthermore, any doubt concerning the scope of arbitrable issues is resolved in favor of arbitration. <u>Chron Corp. v. Ortho Diagnostic Systems, Inc.</u>, 207 F.3d 1126, 1131 (9th Cir. 2000).

The court rejects the defenses to arbitration raised by Plaintiff. First, Plaintiff argues that claims arising under the Rosenthal Act are not subject to arbitration. The court rejects this claim as such statutory claims may be arbitrated.[1] <u>Armendariz v. Foundation Health Psychcare Servs., Ind</u>, 24 Cal.4th 83, 899 (2000); <u>AT & T Mobility LLC v. Concepcion</u>, 131 S.Ct. 1740, 1748 (2001). Second, contrary to Plaintiff's argument, the language "relating to any claim or dispute arising out of the Promissory Note" is broad enough to encompass collection efforts related to the Promissary Note. Finally, the court rejects Plaintiff's argument that the arbitration provision is unconscionable under state law. Under California state law the court may invalidate an unconscionable contract provision. Civil Code section 1670.5, subdivision (a) states: "If the court as a matter of law finds the contract or any clause of the contract to be unconscionable at the time it was made, the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

Unconscionability has both a procedural and a substantive element. <u>Stirlen v. Supercuts, Inc.</u>, 51 Cal.App.4th 1519,1531 (1997). Both elements must be present for a contract or a clause therein

---

[1] The court notes that the arbitration provision specifically provides for the arbitration of statutory claims.

to be invalidated, but they need not be present in the same degree. <u>Armendariz v. Foundation Health Psychcare Servs.</u>, 24 Cal.4th 83, 114 (2000); <u>Stirlen</u>, 51 Cal.App.4th at 1533. A sliding scale is utilized so that, for example, the more substantively oppressive a contract is, the lesser the showing of procedural unconscionability is required to conclude the contract is unconscionable. <u>Armendariz</u>, 24 Cal.4th at 114.

### Procedural Unconscionability

Procedural unconscionability is oppression or surprise arising out of unequal bargaining power, which results from a lack of real negotiations and the absence of meaningful choice. <u>Stirlen</u>, 51 Cal.App.4th at 1532. Procedural unconscionability often arises when the contract in question is one of adhesion. <u>Id.</u> at 1533. A contract of adhesion is a "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." <u>Id.</u>

Here, the arbitration provision was not procedurally unconscionable because Plaintiff had the option to opt out of arbitration but did not timely assert that right. Accordingly, Plaintiff cannot successfully argue oppression or surprise.

In sum, the court concludes, under the sliding scale articulated in <u>Armendariz</u>, that the Promissory Notes are minimally procedurally unconscionable such that Plaintiff must make a substantial showing of substantive unconscionability.

### Substantive Unconscionability

Substantive unconscionability arises when (1) the contract terms are so one-sided as to shock the conscience or (2) the contract terms imposed are harsh or oppressive. <u>Stirlen</u>, 51 Cal.App.4th at 1532. Plaintiff does not argue substantive unconscionability nor does the court find that the contract terms are overly harsh or oppressive. Accordingly, the court finds that the arbitration provision is not unconscionable under state law.

/ / /
/ / /
/ / /
/ / /

In sum, the court grants the motion to compel arbitration of Plaintiff's claims against Sallie Mae and stays the action only as to Defendant Sallie Mae.

**IT IS SO ORDERED.**

DATED: July 24, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties